UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00083-TBR

DOMINIQUE J. BROCK, a/k/a Americo J. Brock,                    Plaintiff,

v.

HARLAN R. MARTIN, *et al.*,                                   Defendants.

### MEMORANDUM OPINION

Dominique J. Brock, an inmate housed at the Kentucky State Penitentiary, filed this *pro se* action against various Kentucky Department of Corrections personnel. Upon conducting its initial review, the Court dismissed most of his claims. Now, the Department seeks summary judgment as to the remaining handful, submitting that Brock failed to exhaust available administrative remedies before filing this lawsuit. Because the Department is correct, its Motion for Summary Judgment (R. 18) is **GRANTED**.

### I.

### A.

The background of this case is described in this Court's previous opinion. *See Brock v. Martin*, No. 5:15-CV-00083-TBR, 2015 WL 5162861, at *1–3 (W.D. Ky. Sept. 2, 2015). In relevant part, Dominque J. Brock (a convicted inmate housed at the Kentucky State Penitentiary) alleges that on February 5, 2015, Corrections Officer Corey J. Kindred falsely accused him of spilling food on his hand. *Id.* at *1. Roughly thirty to forty-five minutes after Officer Kindred reported the incident to Lieutenant Harlan R. Martin, Lieutenant Martin, along with three unknown corrections officers, approached Brock's cell. *Id.* According to Brock, the group of officers snatched him from his cell, dragged him down the hall and a flight of stairs, and placed him in a restraint chair. *Id.*

1

Six hours later, Brock claims that the officers returned, forced him out of the chair and up against a brick wall to allow a nurse to check his restraints. *Id.* The officers then took Brock back in his cell where he remained for twenty-four hours with nothing but his boxer shorts, even though he complained of an injured arm. *Id.* at *1–2.

As a result of the alleged assault on Officer Kindred, Lieutenant Martin (on Officer Kindred's behalf) filed a disciplinary report against Brock. *Id.* at *2; *see also* R. 28-1 at 3–4 (Disciplinary Report No. KSP-2015-00302). Captain John D. Gibbs, Sr. assigned Lieutenant Daniel R. Winsett to investigate the report. *Brock*, 2015 WL 5162861, at *2. Lieutenant Winsett charged Brock with taking a physical action against an employee or non-inmate and referred the report to the adjustment committee. *Id.* Following a hearing, the adjustment committee dismissed the disciplinary action against Brock. *Id.*

### B.

On April 7, 2015, Dominque Brock filed this action against Lieutenant Martin and various other Kentucky Department of Corrections personnel under 42 U.S.C. § 1983. *See* R. 1 at 1–5 (Complaint). On initial review of his complaint, *see* 28 U.S.C. § 1915A, the Court dismissed a fair number of Brock's original claims either on grounds of immunity or for failing to state a claim upon which relief may be granted, *see Brock*, 2015 WL 5162861, at *5. Various federal and state law claims remain, directly or indirectly relating to the incident recited above. *See Brock*, 2015 WL 5162861, at *5. The Department moves for summary judgment. R. 18 at 1 (Motion for Summary Judgment).

## II.

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

As the party moving for summary judgment, the Department must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of Brock's claims. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Assuming the Department satisfies its burden of production, Brock "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324).

### III.

The Department submits that summary judgment is appropriate because Brock has not exhausted all available administrative remedies with respect to his remaining federal and state law claims. *See* R. 18-1 at 4–6 (Memorandum in Support). While Brock more or less acknowledges that fact, he insists exhaustion is not required because his complaint involves non-grievable issues. *See* R. 35 at 5 (Response to Motion for Summary Judgment); R. 37 at 1 (Surreply). On that point, however, Brock is mistaken. Consequently, the Court dismisses his federal claims without prejudice and declines, in its discretion, to exercise supplemental jurisdiction over his remaining state law claims.

### A.

#### 1.

The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). That exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and so "it is the prison's requirements, and not the PLRA, that define the boundaries of proper

exhaustion," *Jones v. Bock*, 549 U.S. 199, 218 (2007); *accord Lee v. Wiley*, 789 F.3d 673, 677 (6th Cir. 2015).

In this case, the Department's Corrections Policies and Procedures (CPP) do just that. *See Laroche v. Hiland*, No. 3:09-CV-683-H, 2011 WL 5085597, at *3 (W.D. Ky. Oct. 25, 2011). Per the Department's procedures, an inmate may file a grievance relating to "any aspect of an inmate's life in prison that is not specifically identified as a non-grievable issue," such as corrections or institutional policies and procedures, personal actions by staff, or staff conflicts. CPP § 14.6(II)(B)(2)–(5). In contrast, non-grievable issues include, *inter alia*, disciplinary procedures, adjustment committee decisions, unit hearing officer decisions, adjustment officer decisions, or the warden's review of those decisions. *Id.* § 14.6(II)(C)(4). An inmate "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004).

**2.**

Brock argues that he need not exhaust his administrative remedies because his complaint involves non-grievable "disciplinary procedures" under CPP § 14.6(II)(C)(4). *See* R. 35 at 5; R. 37 at 1. The Court disagrees. "Disciplinary proceedings are non-grievable because they 'have their own appellate process that inmates must follow.'" *Browder v. Parker*, No. 5:11-CV-29-GNS, 2015 WL 4555167, at *2 (W.D. Ky. July 28, 2015) (quoting *Brewer v. Corr. Corp. of Am.*, No. 7:09-CV-89-KKC, 2010 WL 398979, at *2 (E.D. Ky. Jan. 27, 2010)). Accordingly, an issue is non-grievable under CPP § 14.6(II)(C)(4) only where it is the result of a formal disciplinary action.

None of Brock's remaining federal claims fall within that category. For example, Brock says that the officers used excessive force, placed him in a restraint chair, and confined him in an unpleasant manner. Yet, Brock points to nothing in the record to show that those acts happened as a result of a formal disciplinary action against him. The same is true of Brock's retaliation claim. While Brock alleges that he suffered a variety of retaliatory acts for filing this and other lawsuits, none were formal disciplinary actions. *Cf. Browder*, 2015 WL 4555167, at *2 ("[W]hile Browder claims he was placed in the cell for 'retaliatory and falsified disciplinary action,' it was not a formal disciplinary action.").

Rather, it is fairer to say that, under CPP § 14.6(II)(B), each complained-of issue was grievable. Accordingly, CPP § 14.6(II)(J) required Brock to file a written grievance. Yet, Grievance Coordinator Daniel Smith has provided a sworn affidavit, attaching to it all grievances that Brock filed between February 1 and March 31, 2015. *See* R. 18-2 at 1, ¶ 4 (Affidavit of Daniel Smith). None of those grievances relate to the subject-matter of this action. *See generally id.* at 5–6, 17–40. Brock has not introduced any evidence to the contrary. There is no genuine dispute of material fact, then, that Brock has not exhausted all administrative remedies as 42 U.S.C. § 1997e(a) requires. Therefore, the Court will dismiss Brock's remaining federal claims without prejudice. *See Bell v. Konteh*, 450 F.3d 651, 653 n.4 (6th Cir. 2006) ("It is well established . . . that the appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice." (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2004); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 (6th Cir. 2001); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998))).

**B.**

Having dismissed Brock's federal claims, the Court declines to exercise supplemental jurisdiction over his various state law claims.[1] *See* 28 U.S.C. § 1367(c)(3); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2012); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d ed.), Westlaw (database updated April 2015) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."). "When, as here, 'all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.'" *Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.,* 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Accordingly, the Court will dismiss Brock's state law claims without prejudice too.

**IV.**

The Department's Motion for Summary Judgment (R. 18) is **GRANTED**. An appropriate Order and Judgment will issue separately from this Memorandum Opinion.

Date:

cc:    Counsel of Record
       Plaintiff, *pro se*

---

[1] Brock's state law claims include "excessive force; various negligence claims; assault and battery; intentional infliction of emotional distress; false arrest, imprisonment, and apprehension; and malicious prosecution." *Brock*, 2015 WL 5162861, at *5.